IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TCYK, LLC, | ) | CASE No. 1:3-cv-03833 |
| Plaintiff, | ) | |
| vs. | ) | MOTION TO QUASH OR MODIFY SUBPOENA |
| | ) | |
| DOES 1-112, | ) | |
| Defendants. | ) | |

## MOTION TO QUASH OR MODIFY SUBPOENA

COMES NOW DOE IP Address 68.58.60.120 (hereinafter referred simply as "DOE #19") and states as follows:

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE #19 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Cable Holdings, LLC, c/o The Corporation Company (hereinafter referred simply as "Comcast") because the subpoena requires disclosure of protected information and subjects DOE #19 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE #19 to alleged infringing activity.

## INTRODUCTION

Plaintiff filed suit on June 20, 2013, in the Northern District of Illinois (C.A. No. 1:3-cv-03833) against number of unnamed DOE defendants, who are identified in its Order by Internet Protocol (IP) addresses. Plaintiff alleges that these DOE defendants have infringed TCYK, LLC's copyrights on the Internet by uploading or downloading content without permission.

## ARGUMENT

**1) IP Address is not equivalent to a person or entity**

TCYK, LLC seeks to "tag" a defendant based solely on an IP address. However, an IP address is not a fingerprint or DNA evidence. In a very similar case in which an expedited discovery to learn the identity of person associated with IP address was sought, United States District Judge Harold Baker of the Central District of Illinois denied a motion, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-002068 (Central District of Illinois)(Judge Harold A. Baker)[hereinafter VPR Internationale Order]. Judge Baker aptly pointed out that there may not be a correlation between the individual subscriber, the IP address, and the infringing activity. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast). After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The download of pornographic material was traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given that DOE #19 was only one of many who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE #19 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a

significant reputational injury on the other, means that this subpoena fails the balancing test. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE #19 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast to compel the discloser of the name, address, telephone number, and email address. As the infringer could have been anybody within range of the router, the information sought by Plaintiff is not relevant to the allegations in anyway.

## 2) Improper Joinders of Multiple Individual Defendants

TCYK, LLC seeks to join multiple individual defendants in the same lawsuit, who make up the John Does in this case. While the courts may allow the joining of parties for claims involving the same transaction and occurrence in the interest of facilitating judicial economy, only the Plaintiff's economic interest is facilitated by joining over 100 defendants in this suit. Aside from the Plaintiff's false allegations that Defendants traded copyright information, DOE #19 does not share any common facts or interests with the remaining Defendants. The Plaintiff cannot even claim that Defendant shares the same client, seeder, or site for this alleged infringement. There is no evidence that would lead one to believe that the defendants acted in concert, worked together, or took any action that would constitute the same transaction or occurrence. Furthermore, there are no facts to support the assertion that defendants conspired with each other, over separate and isolated incidents, spanning over the course of 25 days (April 22, 2013 – May 17, 2013).

Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder

principles need not be followed here. This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiff has rather frivolously used the Court and its subpoena powers to obtain sufficient information to shake down the defendants.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" DOE #19, from the case. *See* Fed. R. Civ. P. 21.

## CONCLUSION

The Court should note the very cursory effort Plaintiffs have taken to identify the true copyright infringers. As the IP address assigned to each defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible. This only identifies the person who pays the Internet Service Provider for Internet. As discussed, without additional investigative steps, innocent people are bound to be implicated in infringement activity and pressured to pay settle amounts to make the threat of a federal lawsuit and underserved public shame to go away. As Plaintiffs only intent is to send out settlement letters to defendants, DOE #19 respectfully requests that this Court quash the subpoena on Comcast in this matter.

Dated: 8/8/2013                                         Respectfully Submitted,

                                                        *s/John Doe*
                                                        John Doe
                                                        *Pro se*
                                                        IP Address 68.58.60.120
                                                        johndoe3833@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing Motion to Quash Subpoena was serviced via First Class Mail, postage pre-paid and address, to Plaintiff's counsel of record as follows:

Hughes Socol Piers Resnick & Dym, Ltd.
70 West Madison Street, Suite 4000
Chicago, IL 60602

This 8th day of August, 2013.