**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TCYK, LLC, | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 13 C 3833 |
| v. | ) | |
| | ) | Honorable Robert W. Gettleman |
| DOES 1-112, | ) | |
| *Defendants.* | ) | |

### MOTION TO QUASH OR VACATE SUBPOENA

Now comes DOE I.P. Address 71.201.68.50 ("DOE #45"), pursuant to Federal Rule of Civil Procedure 45(c)(3), and moves this Honorable Court for an Order quashing or vacating the subpoena issued to Comcast Cable Holdings, LLC ("Comcast"), and in support thereof states as follows:

1. DOE #45 is a customer of Comcast, which was served with the referenced subpoena dated July 10, 2013.

2. DOE #45 has been advised by Comcast that it may be required to turn over certain personal records which it may have accessed in the course of dealings between Comcast and Plaintiff, which have no relation to this lawsuit. DOE #45 believes that such information is private and privileged, and that Plaintiff should not be entitled to disclosure thereof.

3. DOE #45 believes, based on information and belief, that this lawsuit alleges copyright violations, but has no idea how DOE #45 may possibly be connected with such a claim.

4.   DOE #45 believes that there is no common nexus of fact, that the various "Doe" Defendants presumably have no idea as to the identities of any other Defendants.

5.   This very court has dismissed actions identical to this action. In <u>CP Productions, Inc. v. DOES 1-300</u>, (N.D. Ill. Case No. 10 C 6255), the court found that the joinder of multiple possible defendants was improper because:

> If the 300 unnamed defendants have in fact infringed any CP copyrights…, each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap – if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fee alone would have aggregated $105,000 rather than $350.
>
> <u>Memorandum and Opinion Order</u> of February 24, 2011.

6.   Similarly, this case, with 112 possible defendants, contains 112 separate actions and the joinder is improper.

7.   DOE #45 believes that this subpoena is issued in bad faith, to induce Comcast to divulge information which is private and privileged, and is intended only for purposes of harassment of certain customers of Comcast.

8.   DOE #45 would show the Court that Plaintiff must make a specific evidentiary showing to obtain the identity of a John Doe Defendant. Plaintiff must allege "an act giving rise to civil liability <u>actually occurred</u> and that the discovery is aimed at revealing specific identifying features of the person or entity who committed the act." <u>Columbia Insurance Co. v. Seescandy.com</u>, 185 F.R.D. 573, 577 (N.D. Cal 1999) (Emphasis added). Subpoenas seeking to identify anonymous internet users must be subjected to careful scrutiny by the Courts. <u>Doe v. 2themart.com, Inc.</u>, 140 F. Supp. 2d 1088 (W.D. Washington 2001). The Plaintiffs must allege

an evidentiary basis entitling them to discover the identity of a John Doe to protect against unjustified invasion of such a defendant's right of privacy. Highland Capital Management v. Doe, 385 F. Supp. 2d 969 (N.D. California 2005). This case further held that Plaintiffs must present competent evidence that must address all the inferences of fact needed to prevail under at least one cause of action. Id. Here, the Plaintiff has failed to make any such showing inasmuch the complaint is too vague to even deduce what it alleges in violation of the Copyright Act.

9.      DOE #45 believes that this subpoena seeks the identification of DOE #45 as a user of internet services which may have been provided by Comcast, but fails to identify any reason therefore or any individual computer from which they may allege any infringement of copyright laws. They further fail in their pleadings and exhibits to identify any materials which were ever located on any computer, much less a computer owned or under the control of this DOE #45. Something more is required to allow this Plaintiff to invade the privacy of citizens based on such ambiguous allegations.

10.     Plaintiff has not alleged any of the following matters of this DOE #45:

    a.  Actual copyright infringement by this DOE #45, whose identity is sought;

    b.  That this DOE #45 invited anyone to copy any of Plaintiff's files;

    c.  That this DOE #45 was even aware that material could be copied by third parties such as Plaintiff's agents;

    d.  That this DOE #45 had any duty to protect Plaintiff's files from alleged copying over the internet by a third party;

    e. That DOE #45 did not have a license for the copyrighted works he possessed via the purchase of those works in either electronic or any other format;

    f. Any actual copying of any files on DOE #45's computer;

    g. That DOE #45 even possessed or possesses a computer capable of copying data to another media, across the internet or otherwise.

11.    The Complaint in this matter does not allege any actual instances of downloading of copyrighted files on to DOE #45's computer. Plaintiff apparently suggests that merely having copyrighted files on an individual's computer is "distribution" of copyrighted materials. A copyright owner's exclusive right to distribution is set forth in 17 U.S.C. §109, and the prohibitions shown in that Section do not fit Plaintiff's actions against DOE #45.

12.    Plaintiffs do not allege that DOE #45 received any commercial advantage by any alleged conduct. The Complaint's theory of copyright infringement has been considered and rejected in prior cases. National Car Rental System v. Computer Assoc., 991 F.2d 426 (8th Cir. 1993) held that infringement of distribution rights requires actual dissemination. See also Obelensky v. G.P. Putnam's Sons, 628 F. Supp. 1552 (S.D.N.Y.) which held no infringement on a copyright owner's right of book distribution occurred by listing the book in a publication. See also Arista Records, Inc. v. MP# Board, Inc., 2002 U.S. Dist. Lexis 16165 at 13-14 (S.D.N.Y. 8-29-2002).

Wherefore, DOE #45 requests that the Court grant any and all relief that the Court may deem appropriate, including but not limited to the dismissal of Plaintiff's Complaint against DOE #45, quashing Plaintiff's subpoena, for DOE #45's attorneys' fees, and for other relief this Honorable Court deems just.

Respectfully submitted,

DOE #45

By:   s/ Wayne S. Shapiro
          Wayne S. Shapiro, His/Her Attorney

WAYNE S. SHAPIRO, P.C.
Attorney for DOE #45
111 W. Washington Street
Suite 1028
Chicago, IL 60602
312/704-8400