IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TCYK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:13-cv-3833 |
| | ) | |
| Does 1-112 | ) | Judge Robert W. Gettleman |
| | ) | |
| Defendants. | ) | |

**MOTION OF JOHN DOE 52, IP ADDRESS 24.14.163.74,
TO QUASH THE SUBPOENA, AND SEVER AND DISMISS THE DOE DEFENDANTS**

NOW COMES Defendant, identified by Plaintiff as JOHN DOE 52 ("Doe 52"), and by IP address 24.14.163.74, by and through his attorneys, LAW OFFICES OF JEFFREY J. ANTONELLI, LTD dba Antonelli Law Ltd., and hereby moves this Court for an Order quashing the Subpoena issued to Defendant's Internet Service Provider ("ISP"), COMCAST. Such an Order is warranted because joinder is improper.

**RELEVANT PROCEDURAL HISTORY**

On May 23, 2013, PLAINTIFF TCYK, LLC filed this action for copyright infringement of the film "The Company You Keep" ("the Film"). On June 12, 2013, PLAINTIFF TCYK, LLC filed a motion for discovery prior to Rule 26(f) conference, and this motion was granted by the Court on June 20, 2013. On or shortly after July 22, 2013, Doe 52 received notice from its ISP that the IP address associated with its internet account had been identified as having downloaded the Film, along with a copy of the subpoena. Plaintiff seeks the Doe's name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.

1

**OVERVIEW OF MASS "JOHN DOE" LITIGATION**

Mass "John Doe" copyright infringement litigation is a relatively recent phenomenon whereby copyright holders (who become holders through assignment or other transfer) file infringement lawsuits against numerous Does, identified only by their IP addresses. Eric D. Block, Note, *The Seedy Underbelly of Joinder and Reverse Class Actions: The Pron Industry's Crusade Against Digital Piracy and its Interplay with Rule 11 Sanctions*, 37 S. ILL. U. L.J. 419, 419 (Winter 2013).

Plaintiffs employ companies that use specialized software to identify IP addresses associated with illegal downloads. Gregory S. Mortenson, Comment, *BitTorrent Copyright Trolling: A Pragmatic Proposal for a Systemic Problem*, 43 SETON HALL L. REV. 1105, 1112-3 (May 30, 2013) *citing Malibu Media, LLC v. John Does 1–22*, No. 5:12-cv-02088-MMB (E.D. Pa. Apr. 19, 2012). The goal is to obtain information on as many expected infringers as possible in the least expensive way available. Mortenson at 1116. Identified IP addresses are used to initiate a John Doe suit. Block at 421. These Does, identified solely by their IP address, can number into the hundreds in each case filed by the copyright holders. *Id*. at 422. While the geographic location of an IP address cannot be precisely and accurately determined presently, probable locations can be identified. *Id*. at 420 *citing Sony Music Entm't, Inc. v. Does* 1-40, 326 F.Supp.2d 556, 567 (S.D.N.Y. 2004).

Once the case has been filed, the plaintiff files a motion for leave to take discovery prior to the Rule 26(f) conference, as Plaintiff TCYK, LLC did here. (ECF Docs. 8, 9). Block at 442 *citing West Coast Prod., Inc. v. Does 1-5829*, 275 F.R.D. 9, 11 (D.D.C. 2011). If that motion is granted, the plaintiff issues a subpoena to various ISPs, requesting a plethora of information about the Internet subscriber, such as: name, address, email, phone number, and MAC address,

which the ISP has access to. Mortenson at 1114. After a defendant's personal information has been provided by the ISP, the plaintiff will make an offer of settlement and threaten to name and serve the individual as a defendant in the case if the individual refuses to comply. *Id.* at 1111. Even innocent defendants are likely to settle since engaging in litigation can be many times more expensive than the initial settlement fee. *Id.*

## ARGUMENT

### A. Doe 52 Has Standing to File A Motion to Quash the Subpoena Issued to Its ISP

Congress has recognized that internet subscribers preserve a privacy interest in personal information that is maintained by their internet service providers (ISPs). *See* H.R. Rep. 98-934 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655 at *79. Even a minimal privacy interest in the information being subpoenaed provides a party standing to object to its disclosure. *Third Degree Films, Inc. v. Does 1-108*, No. 11-3007 (ECF Doc. 31 at 6), 2012 WL 669055, *2 (D. Md. Feb. 28, 2012) ("however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party"). In a number of courts, subscribers have been allowed to challenge subpoenas issued to ISPs after their IP address has been identified and targeted in BitTorrent cases. *See Hard Drive Prods., Inc., v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011) and *In Re Bit Torrent Adult Film Copyright Infringement Cases*, No. 12-01147 (ECF Doc. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012). In this instance, name, address, phone number and email address, all of which constitute personal information, are being requested by the plaintiff, and the privacy interest of Doe 52 in protecting this information confers standing to file a motion to quash.

3

An individual further has standing to quash a subpoena if it "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). The court has the power to forbid the disclosure of information in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). In determining whether a request causes annoyance, embarrassment, oppression or undue burden, the court must consider a number of factors including "whether the information sought goes to the heart of the claim, the degree of harm that would be caused by disclosure, the type of controversy before the court, and the public interest in protecting confidentiality of a particular document or information." *Berst v. Chipman*, 653 P.2d 107 (Kan. 1982). The purpose of the subpoena in question is to provide enough information for Doe defendants to be properly named in the action. To do so, only names and minimal contact information are necessary. However, additional information is being requested, like each defendant's email address, which does not serve any purpose in identifying these defendants and can only be reasonably used to cause harassment and annoyance to the Does.

It is well-established that this information does not necessarily lead to the actual wrongdoer, as courts across the country have recognized that an IP address does not identify a person, and further, that the information sought by the plaintiff merely identifies the person who pays the Internet bill. *See SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 (ECF Doc. 14) (N.D. Cal. Nov. 30, 2011) (noting that a subscriber assigned a specific IP address may not be the same person who actually used the internet connection for the alleged wrongdoing); *Pacific Century Int'l, Ltd. v. Does 1-101*, No. C-11-2533 (ECF Doc. 27 at 3-4) (N.D. Cal. Oct. 27, 2011); *VPR Internationale v. Does 1-1,017*, No. 11-02068 (ECF Doc. 15 at 2), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment");

4

*Third Degree Films, Inc. v. Does 1-110,* No. 12-5817 (ECF Doc. 7 at 3) (D.N.J. Jan. 17, 2013) (Judge Falk's order denying the plaintiff's motion for expedited discovery because

> [i]n some instances, the IP subscriber and the John Doe defendant may not be the same individual. Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even someone in the vicinity that gains access to the network. As a result, Plaintiff's sought after discovery has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed (*citing VPR Internationale, supra*)).

Further, there is concern that seeking joinder of Doe defendants in a single action is merely an efficient tool through which to coerce settlements. *See* Mortenson, *supra* at 1111.

**B. Joinder Is Improper under Rule 20 Because There Are Insufficient Allegations That The Does Engaged in A Single Transaction or Occurrence**

Under Rule 20, permissive joinder of multiple defendants appropriate if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Rule 21 permits the court to add or drop a party at any time on just terms. FED. R. CIV. P. 21. Courts in this District, and indeed, across the country, are split as to whether joinder is appropriate at this stage and in this type of case. *See R & D Film 1 v. Does 1-103*, Case No. 1:12-cv-094041, ECF Doc. 14, pp. 2-3 (N.D. Ill. Jan. 8, 2013) (Order by Judge Guzman collecting cases ruling against joinder and cases finding joinder appropriate at this stage). Judges in those courts, including in cases in the Northern District of Illinois, that have found joinder inappropriate have voiced concerns over the connections between the Does—namely that "the finding that the Doe Defendants' use of the BitTorrent protocol requires a finding that they were

5

engaged in the same transaction or series of transactions." *Id.* at pg. 3; *see also TCYK, LLC v. Does 1-88*, Case No. 13-cv-3828 (N.D. Ill. June 24, 2013) (Order of Judge Guzman denying plaintiff's motion for early discovery); *TCYK, LLC v. Does 1-28*, Case No. 13-cv-3839 (N.D. Ill. June 24, 2013) (same); *Purzel Video GMBH v. Does 1-161*, Case No. 13-cv-2504 (N.D. Ill. June 4, 2013) (same); *Malibu v. Doe (In re Bittorrent Copyright Infringement Cases)*, Case No. 12-1188 (C.D. Ill. Feb. 11, 2013) (Order by Judge Gorman finding that joinder is inappropriate at this stage, severing all defendants except one in each case, and quashing all subpoenas except as to the single defendant left in each case). When determining whether joinder is appropriate:

> [J]udges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm <u>at the same time as one another</u>. If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action. Generally this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all the defendants were present in the swarm at the same time. Such a time period would usually span *hours* rather than days or months.

*Zambezia Film (PTY) Ltd. v. Doe*, Case Nos. 13-cv-1323, 13-cv-1741 (N.D. Ill. Mar. 20, 2013) (Order of Judge Shadur finding joinder inappropriate) (quoting Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 MICH. L. REV. 283, 292-93 (Nov. 2012)).

Here, joinder is improper as the plaintiff has not sufficiently alleged that the actions complained of arose out of the same transaction, occurrence, or series of transactions or occurrences. The alleged infringing activity in this case ranges from April 22, 2013 through May 17, 2013. (Compl., Dkt. #1, Ex. B). The commonalities between the Doe Defendants—the copyrighted film and the hash value—are not enough to sufficiently allege that the Does

participated in the same transaction of series of transactions. For example, where Doe 1 joined the swarm on May 17, 2013, there is no allegation or demonstration that Doe 112, who allegedly joined the swarm on April 22, 2013, was still a participant. More specifically, there are no allegations or demonstrations regarding Doe 52 and whether Doe 52 was a participant at the same time as any of the other Doe Defendants. Rather, Exhibit B to the Complaint only shows that the Doe Defendants purportedly logged on to BitTorrent days or weeks apart from other alleged infringers. The Plaintiff has failed to demonstrate that joinder is appropriate under Rule 20, and therefore, the subpoena should be quashed and the Doe Defendants should be severed from this case.

Other factors, including judicial economy and the procedural inefficiencies associated with handling a case with so many different defendants, are relevant here as well. While the bare allegation is the same for each defendant (downloading a copyrighted film using BitTorrent), each defendant will likely bring a different individual defense, with differing factual and legal bases and a plethora of differing evidence and witnesses. Dealing with numerous mini trials-within-a-trial would be burdensome to the Court's resources and cause delay for all of the parties involved in the litigation. Further, there is no demonstration that the Does each downloaded a complete or partial work. *See Ingenuity 13, LLC v. John Doe*, No. 12-8333 (ECF Doc. 48 at 4-6) (C.D. Cal. Feb. 7, 2013) ("…downloading data via the Bittorrent protocol is not like stealing candy… [in a] copyright claim, Plaintiff must show that Defendants copied the copyrighted work. If a download was not completed, Plaintiff's lawsuit may be deemed frivolous. In this case, Plaintiff's reliance on snapshot evidence to establish its copyright infringement claim is misplaced").

7

In consideration of the foregoing, it is clear that the Does in this case are improperly joined and there is good cause for the Court to enter an Order Quashing the Subpoena issued to the Comcast to prevent the disclosure of Doe 52's identifying information, as well as to Sever and Dismiss Doe 52 from this case.

### C. Severance and Dismissal Would Serve the Interests of Justice and Fairness

In this case, where there are 112 Does, the Plaintiff avoided paying $44,400 in fees by filing against the Does as a group, rather than filing individual cases. Suits like this one, filed by copyright trolls, serve as a convenient and low-cost method of generating an alternative revenue stream for companies whose films fared poorly in the box office—with the judicial system as an integral part of the process. *See Third Degree Films v. Does 1-47*, No. 12-10761 (ECF Doc. 31 at 21) (D. Mass. Oct. 2, 2012) (*citing* Christopher M. Swartout, Comment, *Toward a Regulatory Model of Internet Intermediary Liability: File-Sharing and Copyright Enforcement*, 31 NW. J. INT'L L. & BUS. 499, 509-10 (2011) (describing the "purely profit-driven" "low-cost, high volume campaigns to collect settlements from file-sharers")). By filing suits against numerous Doe defendants at one time, the plaintiffs conveniently avoid paying tens of thousands of dollars of filing fees.

### CONCLUSION

The plaintiff in this case has joined 112 unrelated individuals on the allegation that each downloaded the same copyright work using BitTorrent protocol—however the alleged downloads occurred at different times and across a time span of weeks. Joinder in this case, and in the BitTorrent context, is improper, and by filing in this manner, the plaintiff has escaped paying $44,400 in filing fees to the court. Based upon the foregoing, JOHN DOE 52 requests

that this Court enter an Order Quashing the subpoena issued to COMCAST, sever and dismiss the defendant from this action, and grant any other relief the Court deems just and proper.

Dated: August 21, 2013

                                                Respectfully submitted,
                                                DOE 52

                                                By: ____/s/ Nicole Nguyen_____
                                                One of the Attorneys for Doe 52, Defendant

Nicole Nguyen, Bar # 6309780
Jeffrey J. Antonelli, Bar # 6271875
Attorneys for Defendant
Antonelli Law, Ltd.
100 North LaSalle Street, Suite 2400
Chicago, IL 60602
Telephone: (312) 201-8310
Facsimile: (888) 211-8624
E-Mail: nnguyen@antonelli-law.com