**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TCYK, LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 13-cv-3833** |
| | ) | |
| **DOES 1-112,** | ) | |
| | ) | **Judge: Honorable Robert W. Gettleman** |
| | ) | |
| **Defendants.** | ) | |

<u>**MOTION TO QUASH SUBPOENA
OF DOE # 23**</u>

Doe #23 (IP address 98.206.106.75) respectfully requests that the Court quash Plaintiff's subpoena directed to third party Comcast Cable Holdings, LLC ("Comcast") in the instant case, and states as follows:

## I.      <u>Introduction</u>

In this action, Plaintiff has filed suit against 112 defendants ("Does") that it alleges engaged in copyright infringement by acquiring and transferring Plaintiff's copyrighted material without authorization. Seeking to obtain Does' personally identifying information, Plaintiff has issued a subpoena to Comcast. The subpoena directs Comcast to provide the names, addresses, and other personal information of Comcast customers to whom particular IP addresses are assigned. Plaintiff claims that the allegedly infringing activity was conducted using devices assigned to these IP addresses.

In this District alone, Plaintiff has simultaneously filed over a dozen lawsuits alleging that hundreds of unnamed defendants have infringed its copyrights. *See, e.g.,* Nos. 13-cv-03823, 13-cv-03824, 13-cv-03825, 13-cv-03826. Plaintiff has done likewise before federal district

courts in other states. *See, e.g.,* Nos. 2:13-cv-02550 (W.D. Tenn.), 2:13-cv-00525 (S.D. Ohio). Following filing of its complaints, Plaintiff has sought the defendants' personally identifying information, presumably in order to contact the defendants and offer them the choice of (a) settling the case or (b) paying an attorney to defend against Plaintiff's claims and risking the uncertainty of litigation. As a result, the defendants—who may well lack knowledge of or involvement in any of the alleged infringing activity—will be pressured to settle for thousands of dollars each because doing so is less expensive than retaining an attorney to litigate the case.

## II.    Argument

Doe #23 has a legitimate privacy interest in the information sought by Plaintiff's subpoena, and the subpoena should be quashed because (1) it is not reasonably calculated to lead to the discovery of admissible evidence and (2) it is unduly burdensome to Doe #23. The information sought by Plaintiff is of little value in identifying any individual involved in the alleged infringement, and instead will serve only as leverage to compel Doe #23 to settle this case in the absence of any proof of involvement in infringing activities.

### A.  Doe #23 Has Standing to Challenge the Subpoena.

The Seventh Circuit has recognized that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon "legitimate interests" of the movant. *U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). This Court and others have recognized that privacy interests are a basis for standing where unnamed defendants' personal information is sought in connection with allegations highly similar to those at issue in this case. *See, e.g.*, *SunLust Pictures, LLC v. Does 1-75*, No. 12-1546, 2012 WL 3717768, *4 (N.D. Ill. August 27, 2012); *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062, 2012 WL 2196039, at *3 (N.D. Ill. June 14, 2012); *Malibu Media, LLC v. Does 1-25* , No. 12-362, 2012 WL

2367555, *2 (S.D. Cal. June 21, 2012).  Here, Doe #23's personal information is not publicly available, and Doe #23 therefore has "at least a minimal privacy interest in the information requested by subpoena."  *SunLust* at *4.  Since Doe #23's legitimate privacy interests are at stake, Doe #23 has standing to challenge the subpoena issued to Comcast.

**B.  The Subpoena Must Be Quashed Because It Is Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence, and the Harm It Will Cause Far Outweighs the Value of the Information Sought.**

Federal Rule of Civil Procedure 26(b) provides that discovery is limited to matters "relevant to any party's claim or defense," and that, while the information sought need not be admissible in court, discovery must be "reasonably calculated to lead to the discovery of admissible evidence."  Discovery must be limited where "the burden or expense of the proposed discovery outweighs its likely benefit,"  Fed. R. Civ. P. 26(b)(2)(C), and the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown, Fed. R. Civ. P. 26(c)(1).  Further, under Rule 45, a court may quash or modify a subpoena for several reasons, including that the subpoena "requires disclosure of privileged or other protected matter," or that it "subjects a person to undue burden."

Plaintiff's subpoena is not reasonably calculated to lead to the discovery of admissible evidence that will facilitate resolution of this case; instead, Plaintiff will use the information provided in response to the subpoena as leverage in obtaining coerced settlements from the individuals whose information it obtains, regardless of any particular defendant's actual culpability.  This is because, even if Plaintiff obtains information identifying a particular Comcast customer whose IP address was used to facilitate infringing activity, there is a substantial likelihood that the information will shed no light on the alleged infringer's true identity.  An IP address simply establishes a location where computer devices may connect,

allowing anyone within range of an unprotected corresponding wireless network to access the internet using the address. As the United States District Court for the Central District of Illinois explained in a similar case, the actual infringer may be "someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128 at *2 (C.D. Ill. April 29, 2011). It is also possible to "mock" or hide an IP address; instructions and services that help computer users to do so are readily available on the internet.

While the information sought in Plaintiff's subpoena may therefore be of little value in litigating Plaintiff's claims, production of the information will cause undue expense, embarrassment, and potential reputational damage to Doe #23. In short, the subpoena is unduly burdensome. As a result of the subpoena, the Plaintiff may publicize Doe #23's identity and other personal information. The sensitive personal information Plaintiff seeks will be used to coerce prompt settlement without any reliable indicia that Doe #23 possesses information concerning the alleged infringement. Doe #23 respectfully asks the Court to consider the imminent harm that Doe #23 will suffer as a result of the disclosure of personal information, and quash the subpoena in the absence of more compelling evidence that Doe #23's identifying information will be of use in determining the identity of the individual(s) involved in any alleged copyright infringement.

Respectfully submitted,

Dated:  August 21, 2013                              DOE #23


By:  __s/Gregory A. McConnell_____

One of Its Attorneys


Gregory A. McConnell
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
GMcConnell@winston.com
*Attorney for Defendant Doe #23*

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory A. McConnell, an attorney, hereby certify that I have this day caused the foregoing to be filed via CM/ECF with the Clerk of the Court, thereby electronically serving it on all counsel of record in this matter.

Date:  August 21, 2013

      /s/ Gregory A. McConnell        
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
GMcConnell@winston.com
(312) 558-5600
*Counsel for Doe #23*