

September 4, 2013

United States District Court for the Northern District of Illinois

**FILED**

219 S. Dearborn St.

SEP X 9 2013
SEP X 9 2013

Chicago, IL 60604

**THOMAS G. BRUTON**
~~CLERK, U.S. DISTRICT COURT~~

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

TCYK LLC

      Plaintiff,

CASE No. 13-cv-3833

vs.

Judge: Honorable Robert W. Gettleman

DOES 1-112,

      Defendants.

_____/

## MOTION TO QUASH SUBPOENA
## OF DOE # 39

    Doe #39 (IP address 64.53.219.19) respectfully requests that the Court quash Plaintiff's subpoena directed to third party Wide Open West, LLC (WOW!) in the instant case, and states as follows:

### I. Introduction

In this action, Plaintiff has filed suit against 112 defendants ("Does") that it alleges engaged in copyright infringement by acquiring and transferring Plaintiff's copyrighted material without authorization. Seeking to obtain Does' personally identifying information, Plaintiff has issued a subpoena to WOW!. The subpoena directs WOW! to provide the names, addresses, and other personal information of WOW! customers to whom particular IP addresses are assigned. Plaintiff claims that the allegedly infringing activity was conducted using devices assigned to these IP addresses.

In this District alone, Plaintiff has simultaneously filed over a dozen lawsuits alleging that hundreds of unnamed defendants have infringed its copyrights. See, e.g., Nos. 13-cv-03823, 13-cv-03824, 13-cv-03825, 13-cv-03826. Plaintiff has done likewise before federal district courts in other states. See, e.g., Nos. 2:13-cv-02550 (W.D. Tenn.), 2:13-cv-00525 (S.D. Ohio).

Following filing of its complaints, Plaintiff has sought the defendants' personally identifying

information, presumably in order to contact the defendants and offer them the choice of (a) settling the case or (b) paying an attorney to defend against Plaintiff's claims and risking the uncertainty of litigation. As a result, the defendants—who may well lack knowledge of or involvement in any of the alleged infringing activity—will be pressured to settle for thousands of dollars each because doing so is less expensive than retaining an attorney to litigate the case.

## II. Argument

Doe #39 has a legitimate privacy interest in the information sought by Plaintiff's subpoena, and the subpoena should be quashed because (1) it is not reasonably calculated to lead to the discovery of admissible evidence and (2) it is unduly burdensome to Doe #39. The information sought by Plaintiff is of little value in identifying any individual involved in the alleged infringement, and instead will serve only as leverage to compel Doe #39 to settle this case in the absence of any proof of involvement in infringing activities.

### A. Doe #39 Has Standing to Challenge the Subpoena.

The Seventh Circuit has recognized that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon "legitimate interests" of the movant. U.S. v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982). This Court and others have recognized that privacy interests are a basis for standing where unnamed defendants' personal information is sought in connection with allegations highly similar to those at issue in this case. See, e.g., SunLust Pictures, LLC v. Does 1-75, No. 12-1546, 2012 WL 3717768, *4 (N.D. Ill. August 27, 2012); Hard Drive Productions, Inc. v. Does 1-48, No. 11-9062, 2012 WL 2196039, at *3 (N.D. Ill. June 14, 2012); Malibu Media, LLC v. Does 1-25 , No. 12-362, 2012 WL Case: 1:13-cv-03833 Document #: 26 Filed: 08/21/13 Page 2 of 6 PageID #:1172367555, *2 (S.D. Cal. June 21, 2012). Here, Doe #39's personal information is not publicly available, and Doe #39 therefore has "at least a minimal privacy interest in the information requested by subpoena." SunLust at *4. Since Doe #39's legitimate privacy interests are at stake, Doe #39 has standing to challenge the subpoena issued to WOW!.

### B. The Subpoena Must Be Quashed Because It Is Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence, and the Harm It Will Cause Far Outweighs the Value of the Information Sought.

Federal Rule of Civil Procedure 26(b) provides that discovery is limited to matters "relevant to any party's claim or defense," and that, while the information sought need not be admissible in court, discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Discovery must be limited where "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C), and the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown, Fed. R. Civ. P. 26(c)(1). Further, under Rule 45, a court may quash or modify a subpoena for several reasons, including that the subpoena "requires disclosure of privileged or other protected matter," or that it "subjects a person to undue burden." Plaintiff's subpoena is not reasonably calculated to lead to the discovery of admissible evidence that will facilitate resolution of this case; instead, Plaintiff will use the information provided in response to the subpoena as leverage in obtaining coerced settlements from the individuals whose information it obtains, regardless of any particular defendant's actual

culpability. This is because, even if Plaintiff obtains information identifying a particular WOW! customer whose IP address was used to facilitate infringing activity, there is a substantial likelihood that the information will shed no light on the alleged infringer's true identity. An IP address simply establishes a location where computer devices may connect, Case: 1:13-cv-03833 Document #: 26 Filed: 08/21/13 Page 3 of 6 PageID #:118allowing anyone within range of an unprotected corresponding wireless network to access the internet using the address. As the United States District Court for the Central District of Illinois explained in a similar case, the actual infringer may be "someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." VPR Internationale v. Does 1-1017, No. 11-2068, 2011 WL 8179128 at *2 (C.D. Ill. April 29, 2011). It is also possible to "mock" or hide an IP address; instructions and services that help computer users to do so are readily available on the internet.

While the information sought in Plaintiff's subpoena may therefore be of little value in litigating Plaintiff's claims, production of the information will cause undue expense, embarrassment, and potential reputational damage to Doe #39. In short, the subpoena is unduly burdensome. As a result of the subpoena, the Plaintiff may publicize Doe #39's identity and other personal information. The sensitive personal information Plaintiff seeks will be used to coerce prompt settlement without any reliable indicia that Doe #39 possesses information concerning the alleged infringement. Doe #39 respectfully asks the Court to consider the imminent harm that Doe #39 will suffer as a result of the disclosure of personal information, and quash the subpoena in the absence of more compelling evidence that Doe #39's identifying information will be of use in determining the identity of the individual(s) involved in any alleged copyright infringement.

Respectfully submitted,

Dated: September 4, 2013
DOE #39

*s/John Doe*
John Doe
*Pro se*
IP Address 64.53.219.19
Johndoe39@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 6/21/2011, I served a copy of the foregoing Motion to Quash Subpoena was serviced via First Class Mail, postage pre-paid and address, to Plaintiff's counsel of record as follows:

Hughes, Socol Piers Resnick & Dyn, Ltd.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, IL 60602

This 4th day of August, 2013.

September 4, 2013

United States District Court for the Northern District of Illinois

219 S. Dearborn St.

Chicago, IL 60604

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

TCYK LLC                                    CASE No. 13-cv-3833

      Plaintiff,

vs.                                         Judge: Honorable Robert W. Gettleman

DOES 1-112,

      Defendants.

_____/

## MOTION TO QUASH SUBPOENA
## OF DOE # 39

Doe #39 (IP address 64.53.219.19) respectfully requests that the Court quash Plaintiff's subpoena directed to third party Wide Open West, LLC (WOW!) in the instant case, and states as follows:

### I. Introduction

In this action, Plaintiff has filed suit against 112 defendants ("Does") that it alleges engaged in copyright infringement by acquiring and transferring Plaintiff's copyrighted material without authorization. Seeking to obtain Does' personally identifying information, Plaintiff has issued a subpoena to WOW!. The subpoena directs WOW! to provide the names, addresses, and other personal information of WOW! customers to whom particular IP addresses are assigned. Plaintiff claims that the allegedly infringing activity was conducted using devices assigned to these IP addresses.

In this District alone, Plaintiff has simultaneously filed over a dozen lawsuits alleging that hundreds of unnamed defendants have infringed its copyrights. See, e.g., Nos. 13-cv-03823, 13-cv-03824, 13-cv-03825, 13-cv-03826. Plaintiff has done likewise before federal district courts in other states. See, e.g., Nos. 2:13-cv-02550 (W.D. Tenn.), 2:13-cv-00525 (S.D. Ohio).

Following filing of its complaints, Plaintiff has sought the defendants' personally identifying

information, presumably in order to contact the defendants and offer them the choice of (a) settling the case or (b) paying an attorney to defend against Plaintiff's claims and risking the uncertainty of litigation. As a result, the defendants—who may well lack knowledge of or involvement in any of the alleged infringing activity—will be pressured to settle for thousands of dollars each because doing so is less expensive than retaining an attorney to litigate the case.

## II. Argument

Doe #39 has a legitimate privacy interest in the information sought by Plaintiff's subpoena, and the subpoena should be quashed because (1) it is not reasonably calculated to lead to the discovery of admissible evidence and (2) it is unduly burdensome to Doe #39. The information sought by Plaintiff is of little value in identifying any individual involved in the alleged infringement, and instead will serve only as leverage to compel Doe #39 to settle this case in the absence of any proof of involvement in infringing activities.

### A. Doe #39 Has Standing to Challenge the Subpoena.

The Seventh Circuit has recognized that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon "legitimate interests" of the movant. U.S. v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982). This Court and others have recognized that privacy interests are a basis for standing where unnamed defendants' personal information is sought in connection with allegations highly similar to those at issue in this case. See, e.g., SunLust Pictures, LLC v. Does 1-75, No. 12-1546, 2012 WL 3717768, *4 (N.D. Ill. August 27, 2012); Hard Drive Productions, Inc. v. Does 1-48, No. 11-9062, 2012 WL 2196039, at *3 (N.D. Ill. June 14, 2012); Malibu Media, LLC v. Does 1-25 , No. 12-362, 2012 WL Case: 1:13-cv-03833 Document #: 26 Filed: 08/21/13 Page 2 of 6 PageID #:1172367555, *2 (S.D. Cal. June 21, 2012). Here, Doe #39's personal information is not publicly available, and Doe #39 therefore has "at least a minimal privacy interest in the information requested by subpoena." SunLust at *4. Since Doe #39's legitimate privacy interests are at stake, Doe #39 has standing to challenge the subpoena issued to WOW!.

### B. The Subpoena Must Be Quashed Because It Is Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence, and the Harm It Will Cause Far Outweighs the Value of the Information Sought.

Federal Rule of Civil Procedure 26(b) provides that discovery is limited to matters "relevant to any party's claim or defense," and that, while the information sought need not be admissible in court, discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Discovery must be limited where "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C), and the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown, Fed. R. Civ. P. 26(c)(1). Further, under Rule 45, a court may quash or modify a subpoena for several reasons, including that the subpoena "requires disclosure of privileged or other protected matter," or that it "subjects a person to undue burden." Plaintiff's subpoena is not reasonably calculated to lead to the discovery of admissible evidence that will facilitate resolution of this case; instead, Plaintiff will use the information provided in response to the subpoena as leverage in obtaining coerced settlements from the individuals whose information it obtains, regardless of any particular defendant's actual

culpability. This is because, even if Plaintiff obtains information identifying a particular WOW! customer whose IP address was used to facilitate infringing activity, there is a substantial likelihood that the information will shed no light on the alleged infringer's true identity. An IP address simply establishes a location where computer devices may connect, Case: 1:13-cv-03833 Document #: 26 Filed: 08/21/13 Page 3 of 6 PageID #:118 allowing anyone within range of an unprotected corresponding wireless network to access the internet using the address. As the United States District Court for the Central District of Illinois explained in a similar case, the actual infringer may be "someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." VPR Internationale v. Does 1-1017, No. 11-2068, 2011 WL 8179128 at *2 (C.D. Ill. April 29, 2011). It is also possible to "mock" or hide an IP address; instructions and services that help computer users to do so are readily available on the internet.

While the information sought in Plaintiff's subpoena may therefore be of little value in litigating Plaintiff's claims, production of the information will cause undue expense, embarrassment, and potential reputational damage to Doe #39. In short, the subpoena is unduly burdensome. As a result of the subpoena, the Plaintiff may publicize Doe #39's identity and other personal information. The sensitive personal information Plaintiff seeks will be used to coerce prompt settlement without any reliable indicia that Doe #39 possesses information concerning the alleged infringement. Doe #39 respectfully asks the Court to consider the imminent harm that Doe #39 will suffer as a result of the disclosure of personal information, and quash the subpoena in the absence of more compelling evidence that Doe #39's identifying information will be of use in determining the identity of the individual(s) involved in any alleged copyright infringement.

Respectfully submitted,

Dated: September 4, 2013
DOE #39

s/John Doe
John Doe
*Pro se*
IP Address 64.53.219.19
Johndoe39@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 6/21/2011, I served a copy of the foregoing Motion to Quash Subpoena was serviced via First Class Mail, postage pre-paid and address, to Plaintiff's counsel of record as follows:

> Hughes, Socol Piers Resnick & Dyn, Ltd.
> Three First National Plaza
> 70 West Madison Street, Suite 4000
> Chicago, IL 60602

This 4th day of August, 2013.